IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Zee Zee Zelazurro, ) | Civil Action No.: 4:11-cv-03231-RBH |
| ) | Criminal No.: 4:08-cr-01076-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Zee Zee Zelazurro's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On October 28, 2008, a federal grand jury returned a one-count indictment against Petitioner, charging him with assaulting a federal correctional officer while the officer was performing official duties. On December 18, 2009, Petitioner entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which he and the Government agreed that a sentence of forty months would be the appropriate sentence.

On April 13, 2010, the Court sentenced Petitioner to the stipulated sentence of forty months, to run concurrently with the approximately eight months remaining on the sentence he was serving at the time of the assault of the officer. Petitioner appealed, and defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that he had found no meritorious issues for appeal,

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

but raising for consideration whether the district court's sentence was in error because Petitioner was not a career offender because his prior South Carolina conviction for assault and battery of a high and aggravated nature ("ABHAN") was not a predicate conviction. On April 4, 2011, the Fourth Circuit Court of Appeals found that the sentence was not in violation of the law, and that the court, therefore, lacked jurisdiction. *See U.S. v. Zelazurro*, 420 Fed. App'x 249 (4th Cir. 2011).

On November 28, 2011, Petitioner filed the instant Motion to Vacate. On January 24, 2012, the Government filed a Motion for Summary Judgment, alleging that Petitioner's Motion was without merit. An order filed January 25, 2012, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner timely filed a Response in Opposition.[2]

## Applicable Law[3]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b)

---

[2] Petitioner also filed his own Motion for Summary Judgment, which was an identical copy of his Response in Opposition.

[3] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

2

(a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## Discussion

Petitioner's Motion to Vacate alleges a single ground for relief on the basis of ineffective assistance of counsel. [Mot. to Vacate, Doc. # 85, at 4–9.] Specifically, Petitioner argues that his prior ABHAN conviction did not qualify as an adequate predicate offense for his career offender status and that his counsel, Federal Public Defender William F Nettles , IV was ineffective for failing to raise this issue. [*Id.* at 5.] Petitioner claims that had his counsel recognized that he was not a career offender, he would not have pled guilty and would have insisted on going to trial. [*Id.* at 9.]

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the

3

two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

Here, Petitioner cannot show that defense counsel's performance was deficient, or that he suffered any prejudice from counsel's conduct.

4

First, defense counsel could not have been deficient in objecting to Petitioner's career offender status under the Guidelines because the sentence imposed was not based on the Guidelines. Petitioner entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). As the Fourth Circuit noted in dismissing Petitioner's claim regarding his sentence on direct appeal and raising precisely this issue: "[W]here a sentence is imposed pursuant to a Rule 11(c)(2)(C) plea agreement, the sentence is contractual and not based on the Guidelines." *See Zelazurro*, 420 Fed. App'x at 249 (citing *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005)). Thus, Petitioner's sentence was not dependant upon the Guidelines calculation, and the career offender range had no effect on his sentence.

Second, the Fourth Circuit has never ruled, and certainly had not ruled at the time of Petitioner's sentence, that ABHAN is not a categorically violent crime, and Petitioner's counsel could not have fallen below a reasonable standard of care by not raising this issue.

Under the Sentencing Guidelines, a defendant is classified as a career offender if he was eighteen years old at the time he committed the offense of conviction, the offense of conviction is a felony crime of violence or controlled substance offense, and he has sustained at least two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). A crime of violence is an offense punishable by a term exceeding one year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a).

"To determine whether a prior state conviction constitutes a predicate crime of violence justifying an enhanced federal sentence, we generally follow the categorical approach." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (citing *States v. Seay*, 553 F.3d 732, 737

(4th Cir. 2009). This approach "look[s] only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.' " *Id*. (quoting *United States v. Diaz–Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)).[4]

The Court acknowledges that at least one case from the Sixth Circuit, *U.S. v. McFalls*, 592 F.3d 707 (6th Cir. 2010), decided on January 28, 2010, has held that South Carolina's ABHAN statute is not a categorically violent crime. However, *McFalls* is not controlling precedent in this circuit. Additionally, in several unpublished cases, the Fourth Circuit has found that South Carolina's ABHAN offense is categorically a crime of violence. *See, e.g*., *United States v. Wiley*, 449 Fed. App'x 269 (4th Cir. 2011) ("The district court's finding that [the defendant's] South Carolina ABHAN and strong arm robbery convictions are violent felonies is consistent with our case law both at the time of sentencing and today."); *United States v. Moultrie*, 445 Fed. App'x 630 (4th

---

[4] In a "narrow range of cases," a court may apply a modified categorical approach. *Torres-Miguel*, 701 F.3d at 167 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). The modified categorical approach permits a court to consider whether the specific conduct underlying a defendant's prior state conviction constitutes a crime of violence by examining "the terms of the charging document, . . . a plea agreement, . . . [a] transcript of colloquy between judge and defendant, . . . or . . . some comparable judicial record" revealing the "factual basis for the plea." *Id*. (*quoting Shepard v. United States*, 544 U.S. 13, 26 (2005)). In the challenged predicate conviction, Petitioner was indicted for assault and battery with intent to kill, but ultimately pled guilty to the lesser-included offense of ABHAN. [*See* Presentence Investigation Report ("PSR"), Doc. # 67, at ¶ 18.] "Because [Petitioner] pled guilty to a lesser offense, the conduct set out in the original charging document is not the conduct for which [Petitioner] was convicted." *United States v. Bacote*, 189 Fed. App'x 191 (4th Cir. 2006) (citing*United States v. Martin*, 215 F.3d 470, 473 (4th Cir. 2000)). Thus, it is unclear whether there is any *Shepard*-approved documents that would allow the Court to apply a modified-categorical approach to Petitioner's conduct. *See, e.g.*, *Martin*, 215 F.3d at 473 (assuming without deciding that, when a prior conviction is for a lesser included offense, the district court may consider facts in the original indictment to determine whether the offense was a crime of violence). However, for the reasons stated herein, particularly in light of the more limited review afforded to cases on collateral review, Petitioner's counsel was not ineffective and the Court need not reach this issue.

Cir. 2011) (holding that South Carolina ABHAN is a violent felony); *United States v. Jones*, 312 Fed. App'x 559 (4th Cir. 2009) (finding that ABHAN is a categorically violent crime).

Therefore, at the time of Petitioner's guilty plea and sentencing, the limited Fourth Circuit authority on point would have given defense counsel no reasonable basis to argue that Petitioner's ABHAN conviction was not career offender predicate.[5] The *McFalls* case does not change this analysis, as it is a non-binding case that was published after Petitioner entered his guilty plea. *United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996) (holding that an attorney is not constitutionally ineffective for failing to anticipate a new rule of law).

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

---

[5] Petitioner brings only an ineffective assistance of counsel claim regarding defense counsel's failure to raise the ABHAN issue. Assuming, *arguendo*, that Petitioner is attempting to argue that the law has changed from when he was sentenced, the Court notes that the Fourth Circuit has not changed the law regarding ABHAN since Petitioner's case, and has certainly made no changes that would be retroactively applicable to cases on collateral review.

7

**Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 95] is **GRANTED** and Petitioner's Motion for Summary Judgment [Doc. # 103] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. # 85] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
April 16, 2013